{¶ 1} This is an accelerated calendar case that has been submitted to this court on the record and the briefs of the parties. Appellant, Denise Lynn Uchelvich, appeals the sentences imposed by the Lake County Common Pleas Court. Uchelvich received an aggregate sentence of four years for her convictions for robbery and possession of cocaine. On review, we affirm the judgment entry of the trial court. *Page 2 
 {¶ 2} Uchelvich was indicted by the grand jury in a four-count indictment for aggravated robbery, a violation of R.C. 2911.01(A)(1) and a first-degree felony; two counts of robbery, violations of R.C.2911.02(A)(1) and second-degree felonies; and possession of cocaine, a violation of R.C. 2925.11 and a fifth-degree felony. All of the counts of the indictment related to events that occurred on September 5, 2005.
 {¶ 3} Uchelvich initially entered a plea of not guilty to all counts of the indictment.
 {¶ 4} In a plea bargain entered into prior to trial, Uchelvich pled guilty to two of the four counts, those being a robbery count and the possession of cocaine count. The trial court accepted her pleas of guilty to the two counts.
 {¶ 5} At sentencing, the trial court imposed a prison sentence of four years for the robbery count, and 12 months for the possession of cocaine count, both sentences to be served concurrently. Uchelvich's driver's license was suspended for six months, and she was ordered to make restitution to the victim in the amount of $1,211.93. This sentencing order was entered on April 25, 2006.
 {¶ 6} Uchelvich timely appealed to this court, asserting the following assignments of error:
 {¶ 7} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions. *Page 3 
 {¶ 8} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions under[State v.] Foster, which was an act in violation of the principle of separation of powers.
 {¶ 10} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the rule of lenity.
 {¶ 11} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio Legislators."
 {¶ 12} The focal point of Uchelvich's arguments in all of her assignments of error is the decision of the Supreme Court of Ohio inState v. Foster.[1] In the Foster decision, the Supreme Court of Ohio found certain statutes to be unconstitutional and applied a severance remedy to the offending statutes.[2] Uchelvich asserts that her sentences are unconstitutional, because she committed her crimes prior to the Supreme Court of Ohio's decision in State v. Foster, but was sentenced pursuant to the post-Foster version of R.C. 2929.14.
 {¶ 13} This court recently addressed Uchelvich's exact arguments in the case of State v. Elswick[3] In State v. Elswick, this court found the verbatim assignments of error to be without merit.[4] *Page 4 
 {¶ 14} Based on the authority of State v. Elswick, Uchelvich's assignments of error are without merit.
 {¶ 15} The judgment of the trial court is affirmed.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[2] Id. at paragraphs two, four, and six of the syllabus.
[3] State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.
[4] Id. at ¶ 5-55. *Page 1